UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY ALEXANDER VINSON,

    Plaintiff,

v.

OFFICER KYLE NELSON,
OFFICER AARON SCHEANWALD,
OFFICER TREVER RYNICKI, and
DEPUTY H. FARMER,

    Defendants.
_____/

Case No. 24-cv-13266
Honorable Linda. V. Parker

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

On December 9, 2024, Plaintiff filed this pro se lawsuit alleging that Defendants violated his civil rights. (ECF No. 1.) He also has filed an application to proceed in forma pauperis. (ECF No. 5.) The Court is granting Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the screening that must be done in that instance, *see id.* § 1915(e)(2), leads the Court to conclude that subject matter jurisdiction may be lacking. The Court, therefore, is requiring Plaintiff to file an amended complaint.

In his current Complaint, Plaintiff identifies Defendants as Washtenaw County Sheriff Deputy H. Farmer and St. Joseph Hospital Security Officers Kyle

Nelson, Aaron Scheanwald, and Trever Rynicki. (*See id.* at PageID. 2-3.) Plaintiff alleges that there is federal subject matter jurisdiction under 28 U.S.C. § 1331 because he is suing state or local officials under 42 U.S.C. § 1983. (*Id.* at PageID. 3.)

To state a viable claim under § 1983, Plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) this deprivation was caused by a person *acting under the color of state law*. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Plaintiff's Complaint fails to establish federal question jurisdiction because there is no basis to conclude that St. Joseph Hospital employees are state or local officials. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). While a county sheriff deputy is a local official, Plaintiff fails to assert any factual allegations in his Complaint against Deputy Sheriff Farmer. (*See* ECF No. 1 at PageID. 5-6.)

The Court is granting Plaintiff leave to file an amended complaint within twenty-one (21) days of this Opinion and Order to assert the necessary facts, if

available, to establish federal subject matter jurisdiction.[1] The Court will dismiss this action if Plaintiff fails to file an amended complaint by the deadline, or if he files an amendment that fails to establish a basis for federal subject matter jurisdiction.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 17, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 17, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[1] There is a clinic at the courthouse available to assist pro se parties. Information about the clinic is available at http://www.mied.uscourts.gov/Pro_Se_Clinic_2019. Representatives at the clinic may be able to assist Plaintiff in responding to this Opinion and Order.