UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRACEY ALEXANDER VINSON,<br><br>                    Plaintiff,<br><br>v.<br><br>KYLE NELSON, *et al.*,<br><br>                    Defendants. | Case No. 24-13266<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
(ECF No. 14)**

Plaintiff Tracey Alexander Vinson, proceeding pro se, brought this action under 42 U.S.C § 1983. ECF No. 7. Vinson moved for appointment of counsel. ECF No. 14. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 9.

Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v.*

*Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances."  *Id*. at 606.  Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense."  *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances."  *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*  Because of the consideration addressing the plaintiff's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions."  *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).  In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided.

Having reviewed Vinson's complaint and case filings to this point, the

Court finds that he has not shown that exceptional circumstances warrant the appointment of counsel at this juncture. In his motion, Vinson alleges that he does not have funds to hire an attorney and needs "some help understanding the laws and court procedures." ECF No. 14, PageID.38.

These typical arguments do not show that exceptional circumstances warrant the appointment of counsel. And it is too early to assess the likelihood of success of Vinson's claims because his complaint has yet to be tested by a dispositive motion under Federal Rules of Civil Procedure 12(b)(6) or 56.

Thus, Vinson's motion to appoint counsel, ECF No. 14, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: April 15, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a**

3

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2025.

                                    s/Davon Allen
                                    DAVON ALLEN
                                    Case Manager