UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRACEY ALEXANDER VINSON,<br><br>Plaintiff,<br><br>v.<br><br>KYLE NELSON, *et al.*,<br><br>Defendants. | Case No. 24-13266<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANTS' MOTION
AND FOR THE U.S. MARSHALS SERVICE TO USE REASONABLE
EFFORTS TO SERVE DEFENDANTS
(ECF NO. 18)**

**A.**

Plaintiff Tracey Alexander Vinson, proceeding pro se and in forma pauperis, sues defendants under 42 U.S.C. § 1983. ECF No. 7. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 9. Defendants Kyle Nelson, Trever Rynicki, and Aaron Scheanwald move to dismiss for improper service. ECF No. 18. The Court construes defendants' motion to

dismiss as a motion to quash service and **GRANTS** defendants' motion.[1] (ECF No. 18). And the Court **ORDERS** the U.S. Marshal to use reasonable efforts to serve Nelson, Rynicki, and Scheanwald.

**B.**

Defendants move for dismissal for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). ECF No. 18.

Vinson alleges that Nelson, Rynicki, and Scheanwald violated his civil rights while they were working as security guards at St. Joseph Mercy Hospital in Ypsilanti, Michigan. ECF No. 7-1, PageID.20. Because the Court permitted Vinson to proceed in forma pauperis, it ordered the U.S. Marshal to serve defendants. ECF No. 6; ECF No. 8. *See* 28 U.S.C. § 1915(d) (requiring that officers of the court "issue and serve process" when a plaintiff is proceeding in forma pauperis); Federal Rule of Civil Procedure 4(c)(3) (providing that the court appoint the Marshals Service to serve process in these

---

[1] "Where service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case." *Young's Trading Co. v. Fancy Imp., Inc.*, 222 F.R.D. 341, 343 (W.D. Tenn. 2004) (citing *Haley v. Simmons,* 529 F.2d 78, 79 (8th Cir.1976)). Because the Court construes defendants' motion to dismiss as a motion to quash service, the motion is non-dispositive, and the Court can proceed by order.

2

cases).  And the Court ordered Vinson to complete and present copies of the complaint, process receipt and return forms, and summons for each defendant to the clerk's office by January 20, 2025.  ECF No. 8.  Vinson failed to do so prompting the Court to order him to show cause in writing by March 11 why his case should not be dismissed for failure to prosecute.  ECF No. 12.  On March 7 Vinson uploaded process receipt and return forms but failed to include summons.  Court staff communicated this error to Vinson on March 11.  On March 21 the court clerk confirmed receipt of all required service documents.  ECF No. 15, PageID.40.  And on March 27, the U.S. Marshal attempted to serve defendants by sending the service documents via certified mail to St. Joseph Mercy Hospital which was the address Vinson indicated on the service documents. ECF No. 15.

    Defendants argue that service was improper under federal law.  ECF No. 18-1, PageID.56-58.  Federal Rule of Civil Procedure 4(e)(2) permits serving an individual by:

> (A)  delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The U.S. Marshal did not personally serve defendants or leave copies at their residences with a person of a suitable age, as required under Rule 4(e)(2)(A) or (B). Nor did the U.S. Marshal serve defendants' agents under Rule 4(e)(2)(C). "'[D]elivery [under Rule 4(e)(2)(C)] means personal service on the appropriate individual, not service by mail.'" *Fleury v. Polk Cnty. Sheriff's Off.*, No. 24-cv-11417, 2024 WL 4894846, at *4 (E.D. Mich. Nov. 26. 2024) (quoting *Shelton v. Credit Corp Solutions Inc.*, No. 23-cv-13314, 2024 WL 2724159, at *1 (E.D. Mich. May 28, 2024)) (cleaned up).

But Rule 4(e)(1) also permits a plaintiff to serve an individual by following state law in the state where the action is pending or where service is made. And under Michigan law, a plaintiff can serve an individual by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A)(2). "Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." *Id.*

4

Defendants contend that the mailings were not restricted to the addressees because USPS tracking information shows that the packages were delivered to "Front Desk/Reception/Mail Room" and the process and receipt forms identify "St. Joseph hospital security" as the persons to be served. ECF No. 18-1, PageID.57-58. Despite this, Vinson did name the defendants on the forms and returned certified mail receipts show that the packages were specifically addressed to Scheanwald and Nelson. *See* ECF No. 18-4, PageID.6-8; ECF No. 24, PageID.93; ECF No. 20, PageID.75. But service to Scheanwald and Nelson is improper under Michigan law, because the U.S. Marshal failed to designate the mailings to as "restricted delivery" on the certified mail receipts. ECF No. 24, PageID.93; ECF No. 20, PageID.75. *See Payne v. Broadworth*, No. 22-CV-12574, 2023 WL 5846801, at *1 (E.D. Mich. Sept. 11, 2023) (finding that service was improper under Michigan law because U.S. Marshals did not designate mailings as restricted delivery on certified mail receipts).

Service was improper on Scheanwald, Nelson, and Rynicki because they have not personally acknowledged receipt of mail service. A signed U.S. postal service certified mail receipt was filed

to show proof of service of process for defendant Scheanwald. ECF No. 20. But the receipt was signed by someone other than Scheanwald. *Id*. *See Harrison v. Pandya*, No. 1:09-cv-349, 2010 WL 2802228, at *3 (W.D. Mich. June 25, 2010), *adopted*, No. 1:09-cv-349, 2010 WL 2802290 (W.D. Mich. July 14, 2010) (holding that service is improper under Michigan law when the summons is accepted by someone other than the defendant); *Payne*, 2023 WL 5846801, at *1 (same). And the summons for Nelson was returned unsigned. ECF No. 24. As of September 5, 2025, no signed return receipt has been filed for Rynicki.

Federal Rule of Civil Procedure 4(m) requires that service of process be made within 90 days after a complaint is filed. Because Vinson filed this complaint on December 9, 2024, service of process was due by March 9, 2025. But if a plaintiff shows good cause for the failure to serve a defendant in time, the court must extend the time for service. Fed. R. Civ. P. 4(m). And "[a] plaintiff proceeding *in forma pauperis* should not be penalized if the U.S. Marshal fails to properly effectuate service pursuant to Rule 4." *Neal v. City of Detroit Police Dep't*, No. 17-13170, 2018 WL 8608298, at *1 (E.D. Mich. Jan. 19, 2018). "Such circumstances constitute 'good cause' under Rule 4(m)

6

and obligate the court to extend the time for service." *Id.* "Generally, a plaintiff proceeding IFP satisfies his [service] obligation when reasonable steps have been taken to identify for the court the defendants named in the complaint." *Reed-bey v. Pramstaller*, No. 06-CV-10934-VAR-RSW, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013), *aff'd*, 607 F. App'x 445 (6th Cir. 2015) (cleaned up).  But a plaintiff "may not sit idly by knowing service has not been effectuated and later claim good cause for an extension of service." *Id*.

The Court finds the Vinson satisfied his service obligation and should be granted an extension under the circumstances.  Although Vinson failed to present service documents to the clerk's office by the initial deadline, he made a good-faith effort to comply with the Court's show cause order.  And he took reasonable steps to identify defendants for the Court by naming them on the process receipt and return forms and requesting that service be mailed to defendants at their workplace.[2]

Thus, the Court construes defendants' motion to dismiss as a motion to quash service and **GRANTS** defendants' motion.  But the

---

[2] St. Joseph Mercy Hospital is Nelson's and Rynicki's former workplace. ECF No. 18-1, PageID.56.  Scheanwald still works there. *Id.*

7

Court affords Vinson additional time to properly serve defendants. *See Harrison*, 2010 WL 2802228, at *3) (construing a motion to dismiss for improper service as a motion to quash service but allowing pro se plaintiff additional time for service).

## C.

The Marshals Service must now use reasonable efforts to locate and personally serve Nelson, Rynicki, and Scheanwald **by November 24, 2025**. *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL6410447, at *2-4 (S.D. Ohio Dec. 9, 2013) (ordering the Marshals Service to take reasonable steps to locate defendant through an internet search); *Reed-Bey*, 2013 WL 1183301, at *2 (Marshals Service was ordered to personally serve defendants after a fourth waiver request was returned unexecuted). The Marshals Service must inform the Court of the results of its attempt to personally serve defendants. *See Neal*, 2018 WL 8608298, at *1.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 24, 2025

8

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2025.

                                          s/Davon Allen
                                          DAVON ALLEN