UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRACEY ALEXANDER VINSON,<br>Plaintiff,<br><br>v.<br><br>KYLE NELSON, *et al*.,<br><br>Defendants. | Case No. 24-13266<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER FOR CLERK'S OFFICE TO REISSUE SUMMONS AND FOR U.S. MARSHAL TO USE REASONABLE EFFORTS TO LOCATE AND SERVE DEPUTY H. FARMER**

Plaintiff Tracey Alexander Vinson, proceeding pro se and in forma pauperis, sues defendants under 42 U.S.C. § 1983. ECF No. 7. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 9.

Judge Parker ordered Vinson to complete service documents and for the U.S. Marshal Service to serve Vinson's amended complaint (ECF No. 7) on defendants. ECF No. 8. As the Marshal Service acknowledged, Vinson supplied the summons for all defendants, including Depute H. Farmer, at the Washtenaw County Sheriff's Office in Ann Arbor, Michigan.

ECF No. 15. Counsel has now appeared for all defendants except Farmer and the summons for Farmer was not returned, executed or unexecuted.

Because the summons has expired, the Court **ORDERS** the Clerk's Office to reissue the summons for Deputy H. Farmer.

The Marshal Service will then need to use reasonable efforts to serve Farmer. When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Thus, the Marshal Service has a duty to make reasonable efforts to serve defendants. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41 (E.D. Mich. 2004); *see also Spencer v. Bynum*, No. 2:13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013). The Marshal Service is used to effect service in these cases for two reasons: (1) the security risks inherent in providing prisoners with the addresses of government officials, and (2) the difficultly that prisoners have in accessing information through the government. *VanDiver*, 304 F. Supp. at 939.

The Marshal Service must use reasonable efforts to locate and personally serve Farmer **by March 13, 2026**. *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL6410447, at *2-4 (S.D. Ohio Dec. 9, 2013) (ordering the Marshal Service to take reasonable steps to locate defendant's address through an internet search and by consulting with defendant's former

employer); *Reed-Bey v. Pramstaller*, No. 06-CV-10934, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013) (Marshal Service was ordered to personally serve defendants after a fourth waiver request was returned unexecuted). The Marshal Service must inform the Court of the results of its attempt to personally serve Farmer. *See Neal v. City of Detroit Police Dep't*, No. 17-13170, 2018 WL 8608298, at *1 (E.D. Mich. Jan. 19, 2018).

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 15, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager