UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tracey Alexander Vinson

        Plaintiff,

v.

Kyle Nelson, et al.,

        Defendants.

_____/

Case No. 24-cv-13266
Honorable Linda V. Parker

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 36) AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff initiated this Section 1983 action on December 9, 2024.  (ECF No. 1.) Plaintiff alleges that Defendants—who serve as security officers at St. Joseph Hospital—physically assaulted him for touching a stone cross in the hospital's lobby.  (*Id.*, PageID.20.)  On December 12, 2025, Defendants filed a motion to dismiss, in lieu of an answer, for failure to state a claim.  (ECF No. 27.)  The matter has been assigned to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On February 27, 2026, Magistrate Judge Stafford issued a report and recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss.  (ECF No. 36.)  At the conclusion of the R&R, Magistrate Judge Stafford advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*., PageID.162.)  Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Stafford.  The Court therefore adopts the R&R.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED,** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. A dismissal without prejudice means that the Court has not reached the merits and Plaintiff's legal error can be corrected. Therefore, Plaintiff may file a new complaint against Defendants Nelson, Rynicki, and Scheanwald, provided that he sues them under the proper legal theory or statute. As discussed above, Defendants are not state actors and therefore cannot be sued under 42 U.S.C. § 1983.

It is **FURTHER ORDERED** that Plaintiff's claims against other unidentified "John Doe" hospital staff members are sua sponte **DISMISSED**

2

**WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2). If Plaintiff does not file

a new complaint against Defendants Nelson, Rynicki and Scheanwald, the only

remaining claim will be Plaintiff's Section 1983 false arrest/unlawful detention

claims against Defendant Farmer.

     **SO ORDERED.**

s/ Linda V. Parker

LINDA V. PARKER

U.S. DISTRICT JUDGE

Dated: April 20, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, April 20, 2026, by electronic and/or U.S.
First Class mail.

s/Aaron Flanigan

Case Manager
